IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FIA CARD SERVICES, N.A.,

    Plaintiff,                             No. CIV S-11-2647 LKK EFB PS

    vs.

RENEE L. MARTIN,

    Defendant.                           FINDINGS AND RECOMMENDATIONS

_____/

       On October 7, 2011, defendant, proceeding pro se, filed a notice of removal of this collections action from the Superior Court of the State of California for Sacramento County. Dckt. No. 1. Defendant also filed a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and a motion to set aside or vacate a judgment that was entered in state court.[1] Dckt. Nos. 2, 5-7. This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

////

////

---

[1] In light of the recommendation herein that this action be remanded for lack of subject matter jurisdiction, defendant's request to proceed *in forma pauperis* and motion to set aside the state court judgment will not be addressed.

1

This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As explained below, defendant has failed to meet their burden.

Defendant's notice of removal indicates that this court has federal question jurisdiction because plaintiff is a national banking association and because, as a result of the state court judgment, plaintiff's counsel placed a lien on funds that are exempt under federal law since those funds come from defendant's federal disability payments, 42 U.S.C. § 407. Dckt. No. 1 at 2, 3, 4. Defendant also contends that the action arises under "issues regulated by [the] Federal Trade Commission, pursuant to [the] Federal Debt Collection Practices Act." *Id.* at 5.

However, a review of the complaint reveals that plaintiff does not allege any federal claims; instead, the action is a "collections case" under California Rule of Court 3.740, which covers actions "for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney fees, arising from a transaction in which property, services, or money was acquired on credit." *Id.* at 124-26 (Compl.); *id.* at 129 (Civil Cover Sheet). Plaintiff alleges only a common count under state law, contending that defendant owes plaintiff $19,133.96 "because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff." *Id.* at 124-26.

The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily

depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Here, no federal question is presented on the face of the complaint. The action is a collections case and the fact that plaintiff is a national banking association does not create federal question jurisdiction. *See* 28 U.S.C. § 1348 ("The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter. *All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located*.") (emphasis added); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 309-10 (2006) ("When Congress first authorized national banks in 1863, it specified that any 'suits, actions, and proceedings by and against [them could] be had' in federal court. National banks thus could 'sue and be sued in the federal district and circuit courts solely because they were national banks, without regard to diversity, amount in controversy or the existence of a federal question in the usual sense.' State banks, however, like other state-incorporated entities, could initiate actions in federal court only on the basis of diversity of citizenship or the existence of a federal question. Congress ended national banks' automatic qualification for federal jurisdiction in 1882. . . . Under [that] measure, national banks could no longer invoke federal-court jurisdiction solely 'on the ground of their Federal origin;' instead, for federal jurisdictional purposes, Congress placed national banks 'on the same footing as the banks of the state where they were located.'") (citations omitted).

////

Additionally, to the extent that defendant plans to raise defenses based on federal laws, the Court lacks jurisdiction over those as well. Under the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for removal. *See Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

Nor does defendant's notice of removal establish that this court has diversity jurisdiction. The notice of removal does not address diversity jurisdiction at all. *See generally* Dckt. No. 1. Defendant's motion to set aside or vacate the state court judgment, however, argues that there is diversity since plaintiff is located in Georgia and North Carolina and defendant resides in California. Dckt. No. 6 at 2. Even assuming that such an argument were made in the notice of removal, it is insufficient to establish diversity jurisdiction. Although defendant contends that plaintiff is "located in" Georgia and North Carolina and defendant "resides" in California, defendant does not identify defendant's citizenship *or* plaintiff's citizenship.[2] Dckt. No. 1, at 3. Residence and citizenship are different things, *see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), and allegations of residence are not sufficient allegations of citizenship for diversity jurisdiction. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 824 (9th Cir. 2002). In any event, even assuming that the parties are completely diverse, this court lacks diversity jurisdiction over this matter because defendant has not established that the amount in controversy in this action exceeds $75,000. The notice of removal and the motion to set aside or vacate the state court judgment are silent as to the amount in controversy, and the complaint attached to the notice of removal specifically states that the amount sought is $19,133.96. Dckt. No. 1 at 124-26. When a state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with "legal certainty" that the jurisdictional amount is met. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*,

---

[2] Moreover, if defendant is in fact a citizen of California, then her removal was improper under 28 U.S.C. § 1441(b), which provides that diversity "action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

4

479 F.3d 994, 1000 (9th Cir. 2007).  Defendant has not met that burden.

Additionally, in this action, defendant alleges that the judgment entered in state court was erroneous, and therefore asks this court to set aside and/or vacate that judgment.  Dckt. Nos. 1, 6. However, a federal district court does not have jurisdiction to review errors in state court decisions in civil cases.  *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).  "The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case."  *Samuel v. Michaud*, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir. 1997); *see also Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over § 1983 claim seeking, inter alia, implicit reversal of state trial court action).  That the federal district court action alleges the state court's action was unconstitutional does not change the rule.  *Feldman*, 460 U.S. at 486.  In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court.  The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts."  *Samuel*, 980 F. Supp. at 1412-13.

Accordingly, because this court lacks subject matter jurisdiction, IT IS HEREBY RECOMMENDED that the above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of Sacramento.  *See* 28 U.S.C. § 1447(c).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

1  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th
2  Cir. 1991).

3  Dated: October 19, 2011.

                            EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE